NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-2116/2802
_____

EDISON TORRES-JURADO,
Appellant

v.

ADMINISTRATOR OF BERGEN COUNTY JAIL; THOMAS R. DECKER,
New York Field Office, ERO, ICE, DHS; KIRSTJEN M. NIELSEN; US
DEPARTMENT OF HOMELAND SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-18-cv-02115)
District Judge:  Hon. Kevin McNulty
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2019

Before:  JORDAN, KRAUSE, and RESTREPO, *Circuit Judges.*

(Filed April 9, 2019)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Edison Torres-Jurado appeals the District Court's denial of his request for injunctive and declaratory relief as well as the denial of his emergency motion seeking to ensure his presence in New Jersey during the pendency of his case. For the following reasons, we will dismiss the appeals as moot and vacate our temporary stay of removal.

## I.    BACKGROUND

In January 2018, Torres-Jurado filed a petition for a writ of habeas corpus.[1] According to his petition, as amended,[2] he was ordered removed to Ecuador in 2005. But, because Immigration and Customs Enforcement ("ICE") was unable to make the necessary arrangements with Ecuador, the agency released him pursuant to an order of supervision and granted him an indefinite stay of removal. For the next 12 years, Torres-Jurado complied with the order of supervision and remained in the United States without incident. Then, as he tells it, in November 2017, "[s]uddenly and without warning, justification or any change in circumstances … ICE took [him] into custody during a routine supervision appointment" and "detained him at the Bergen County Jail" in New Jersey. (App. at 47.) ICE again sought to remove him and to obtain "identity and travel documents to effectuate his removal." (App. at 40.)

---

[1] Torres-Jurado initially filed his petition in the United States District Court for the Eastern District of New York. The case was ultimately transferred to the District of New Jersey, with the parties' consent.

[2] Torres-Jurado filed an amended petition – the operative petition here – in February 2018.

2

The amended petition named several respondents, in particular: Michael Saudino, the Sheriff of Bergen County; Thomas R. Decker, an ICE official; Kirstjen Nielsen, the Secretary of Homeland Security; and the Department of Homeland Security ("DHS"). It also requested several forms of relief, including: (1) "a writ of habeas corpus directing the Respondents to immediately release [Torres-Jurado] from custody"; (2) an injunction preventing "Respondents from transferring [Torres-Jurado] outside of [New Jersey] pending litigation of this matter or his removal proceedings"; (3) "an order directing Respondents to … comply with the DHS order granting [Torres-Jurado] an indefinite stay of removal so that he does not face arbitrary arrest in the future"; and (4) a declaration "that the revocation of the stay of removal was unlawful without a constitutionally adequate, individualized hearing before an impartial adjudicator at which Respondents bear the burden of establishing that revocations [sic] justified and, if justified, provide [sic] the opportunity for a non-detained, orderly departure." (App. at 53.)

The District Court conducted a preliminary review of the amended petition and *sua sponte* dismissed the federal government parties, leaving the Bergen County Sheriff as the sole respondent.[3] In response, Torres-Jurado filed a motion asking the Court to reconsider that dismissal. The Court did not immediately rule on the motion.

---

[3] The District Court's decision stated: "The sole proper respondent to [Torres-Jurado's habeas] petition … is Michael Saudino, the Sheriff of Bergen County. Consequently, the petition will be dismissed as to respondents Thomas R. Decker and Kirstjen Nielsen." (App. at 110 (citation omitted).) Although the decision did not mention DHS explicitly, its clear import was that all respondents other than the Sheriff were dismissed, and, indeed, the District Court later characterized its decision as doing just that. (*See* App. at 26 ("[Torres-Jurado] has filed a letter motion to [reconsider], seeking vacatur of my earlier decision to dismiss all respondents other than Saudino."));

3

About two months later, Torres-Jurado filed an emergency motion asserting that ICE had transferred him from New Jersey to Louisiana "without warning or notice to his attorneys," in likely preparation for his imminent removal. (App. at 253.) The motion requested "an Emergency Stay of Removal to allow [the District] Court the opportunity to consider and rule on the merits of [Torres-Jurado's] pending Petition for Writ of Habeas Corpus" and "an Order to Show Cause why [Torres-Jurado] should [not] immediately be returned to the jurisdiction of New Jersey, where his case is pending." (App. at 253.) The District Court denied the motion, concluding that 8 U.S.C. § 1252(g) deprived it of subject matter jurisdiction over the request for a stay of removal.[4]

---

cf. *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 286 (3d Cir. 1991) ("Court orders must ordinarily be interpreted by examination of only the four corners of the document. Should there be any ambiguity or obscurity or if the judgment fails to express the rulings in the case with clarity or accuracy, reference may be had to the findings and the entire record for the purpose of determining what was decided. … In making these determinations, it is our responsibility to construe a judgment as to give effect to the intention of the court, not to that of the parties." (citations and internal quotation marks omitted)).

We also observe that the captions of Torres-Jurado's notices of appeal listed Naeem Williams, an ICE official, as a respondent instead of Decker. That is odd because, although Williams was listed as a party in the original petition, she was not named in the amended petition. In any event, after the amended petition was filed, the District Court dismissed all defense parties other than the Sheriff. The presence of Williams's name in the notices of appeal therefore does not affect the analysis herein.

[4] That statutory subsection provides: "Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

4

Torres-Jurado filed an interlocutory appeal of that decision on May 17, 2018 and promptly moved, in this Court, for an emergency stay of removal. We granted that motion on a temporary basis, pending further briefing. We later referred the appeal to the merits panel and ruled that the temporary stay would remain in place until further notice.

While the interlocutory appeal progressed, Torres-Jurado's case continued in the District Court. In an opinion and order entered on July 12, 2018, the District Court ruled on Torres-Jurado's amended habeas petition and his motion to reconsider the dismissal of the federal government parties. As to the amended petition, the District Court granted habeas relief and ordered Torres-Jurado released from custody subject to certain conditions. It denied his request for injunctive and declaratory relief, however, explaining that, "[h]istorically, courts have consistently refused to review, upon *habeas corpus*, questions which do not concern the lawfulness of the detention." (App. at 26 n.3 (citations and internal quotation marks omitted).) As to the motion to reconsider, the District Court denied it as moot because it had granted Torres-Jurado's release, which it considered to be the only relief available to a habeas petitioner.

Torres-Jurado then appealed the July 12 decision, which was the final decision of the District Court. His notice of appeal was drafted narrowly, saying, in relevant part, that he:

> appeals to the United States Court of Appeals for the Third (3rd) Circuit in part from the Memorandum & Order entered and served in this action on the 12th day of July, 2018 granting in part [his] application for a Writ of Habeas Corpus challenging his unlawful detention, and denying in part his Due Process Clause and Constitutional violation [sic], *particularly from the Court's ruling: "[t]o the extent that the*

5

> *amended petition also seeks other injunctive and declaratory relief[], it is denied".*

(App. at 4 (emphasis added).) Importantly, the notice of appeal mentioned neither the District Court's decision to dismiss the federal government parties, nor the portion of the July 12 ruling denying as moot Torres-Jurado's motion to reconsider the dismissal decision.

We consolidated both of Torres-Jurado's appeals – the interlocutory one from May 17, 2018, and the one from the July 12 final order.

## II.    DISCUSSION

Torres-Jurado's appeals are moot and, accordingly, must be dismissed. Before explaining why, we first briefly review the principles governing mootness. We have described those principles as follows:

> Under Article III of the United States Constitution, the exercise of judicial power depends upon the existence of a case or controversy. Mootness derives from Article III's prohibition against federal courts issuing advisory opinions. While the Supreme Court has spoken of the "flexible character of the Article III mootness doctrine," it applies where interim events remove the effects of the violation that prevent the appellate court from granting any relief.
>
> To avoid mootness, a claim must (1) present a real legal controversy, (2) genuinely affect an individual, and (3) have sufficiently adverse parties. If the parties have an interest in the outcome of the litigation, regardless of size, we have found a live case or controversy exists. Thus, the case will be moot only if it is "impossible for the court to grant any effectual relief."

*Cinicola v. Scharffenberger*, 248 F.3d 110, 118-19 (3d Cir. 2001) (citations omitted).

6

Turning first to Torres-Jurado's appeal of the final decision of the District Court, that appeal is moot because the sole defending litigant is the Bergen County Sheriff, and the only relief being sought that is even potentially still available to Torres-Jurado does not involve the Sheriff at all.

The federal government parties are no longer in the case. The District Court dismissed them, and Torres-Jurado did not appeal that ruling. It is well-established that, when a notice of appeal references only "a specified judgment" or "a part of a specified judgment, the court of appeals acquires thereby no jurisdiction to review other judgments or portions thereof not so specified or otherwise fairly to be inferred from the notice as intended to be presented for review on the appeal." *Lusardi v. Xerox Corp.*, 975 F.2d 964, 972 (3d Cir. 1992) (citation omitted). Based on that principle, we can only exercise appellate jurisdiction over an unspecified order if several requirements are satisfied, one of which is that "the intention to appeal the unspecified order [must be] apparent[.]" *Id.* (citation omitted).

Here, Torres-Jurado's notice of appeal did not mention the District Court's dismissal of the federal government parties or the Court's refusal to reconsider that dismissal. On the contrary, the notice expressed an intention to cabin the appeal solely to the portion of the July 12 ruling denying injunctive and declaratory relief, saying that Torres-Jurado was appealing "particularly from" that part of the District Court's decision. (App. at 4.) Furthermore, Torres-Jurado does not once mention the dismissal of the federal government parties in his opening brief. *Cf. Satterfield v. Johnson*, 434 F.3d 185, 191 (3d Cir. 2006) ("The Commonwealth's intention to appeal the issue of timeliness was

7

'clearly manifest' from its first brief."). And, this is not a case in which "it is easy to infer [an] intention to appeal" an unspecified order from the close connection between it and a specified order, *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 163 (3d Cir. 2017), because the District Court did not premise its denial of injunctive and declaratory relief on the dismissal of the federal government parties or even suggest that those issues are related. Under the circumstances, we can discern no intent – let alone an "apparent" one – to appeal the dismissal of the federal government parties. *Lusardi*, 975 F.2d at 972 (citation omitted). That dismissal is thus beyond the scope of our appellate jurisdiction.[5]

Because of that, the Bergen County Sheriff is the sole remaining defense party before us. Accordingly, the existence of an active case or controversy between Torres-Jurado and the Sheriff is necessary to sustain our jurisdiction. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) ("[The Supreme Court] has frequently repeated that federal courts are without power to decide questions that cannot affect *the rights of litigants in the case before them*." (emphasis added)); *cf. Jordan v. Sosa*, 654 F.3d 1012, 1029-33 (10th Cir. 2011) (considering the *named* defendants only in evaluating whether a case was moot).

---

[5] Torres-Jurado argues that "[t]he notice of appeal clearly states that it is challenging all of the Court's rulings that impact and effect [sic] the injunctive and declaratory relief, including the Court's order denying [his] motion to [reconsider] as moot"; that his "intention to appeal the denial of the motion to [reconsider] was apparent from his notice of appeal"; and that both dismissal decisions "were thoroughly addressed in [his] opening brief." (Torres-Jurado's Supp. Br. at 2, 4.) There is, however, no support for any of that in the record. Torres-Jurado's protestations are thus perplexing, to say the least.

The inquiry into whether there is a live dispute here turns on whether any available relief could be effectual. *Cinicola*, 248 F.3d at 118-19. Given that the District Court granted Torres-Jurado's request for a writ of habeas corpus, the only relief sought in the amended petition and potentially obtainable at this stage would be an injunction preventing "Respondents from transferring [Torres-Jurado] outside of [New Jersey]"; "an order directing Respondents to … comply with the DHS order granting [Torres-Jurado] an indefinite stay of removal"; and a declaration "that the revocation of the stay of removal was unlawful[.]" (App. at 53.)

For Torres-Jurado to show that ordering such relief would be effectual, he has to explain how the Sheriff could actually do what would be ordered or be affected by what is declared. *Jordan*, 654 F.3d at 1029-33; *see also Parkell v. Danberg*, 833 F.3d 313, 332 (3d Cir. 2016) ("In seeking a prospective injunction against the implementation of an unconstitutional state policy, Parkell is required to name an official or officials 'who can appropriately respond to injunctive relief.'" (citations omitted)). He cannot do so. The only action the Sheriff could take with respect to Torres-Jurado would be to release him, if he were still in custody, but Torres-Jurado has already been released. The Sheriff can do nothing at this point to prevent Torres-Jurado's transfer outside of New Jersey or to comply with the order granting a stay of removal or to respond to a declaration that the revocation of the stay of removal was unlawful. The Sheriff is in no way "actually situated to effectuate any prospective relief that this court might afford [Torres-Jurado]." *Jordan*, 654 F.3d at 1030; *cf. Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1190-91 & n.12

9

(N.D. Cal. 2017) (observing that a custodian for purposes of habeas relief was not a proper defendant for injunctive and declaratory relief).

Because it would be "impossible for the court to grant any effectual relief[,]" Torres-Jurado's appeal of the final decision of the District Court is moot.[6] *Cinicola*, 248 F.3d at 119 (citations omitted).

Torres-Jurado's interlocutory appeal is likewise moot. His emergency motion sought to ensure his presence in New Jersey during the pendency of his case. That case is now over because the District Court issued a final decision and Torres-Jurado's appeal of

_____

[6] Both Torres-Jurado and the Sheriff argue that injunctive and declaratory relief remains available notwithstanding the dismissal of the federal government parties, reasoning that a non-party can be bound by prospective relief granted against a party under certain circumstances applicable here. One may wonder why the Sheriff adopts that position – which seems plainly at odds with his interests – particularly given that he also characterizes the law in this area as "unclear[.]" (Bergen County Sheriff's Supp. Br. at 6.) Perhaps it is because the Sheriff is represented by the same attorney who is representing the federal government parties, and their interests may not be perfectly aligned. In any event, the constitutional prohibition against advisory opinions does not yield to the desires of attorneys or non-parties.

More to the point, the parties' argument is wrong. As explained above, mootness occurs when there is no case or controversy between the parties before us. *E.g.*, *Jordan*, 654 F.3d at 1029-33. Thus, regardless of whether properly issued prospective relief could bind non-parties, a claim for such relief is moot where, as here, the relief sought would not affect the conduct of the defending litigants. *Id.*

Finally, the mere fact that a named defendant is arguably not responsible for the harm alleged – such that relief might ultimately not issue against that defendant – does not deprive a court of jurisdiction. *Cf. Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016) ("If for no other reason, a case or controversy exists to determine whether Davis is suing the right insurance company and, even if he should have sued ASIC, whether he may pierce the corporate veil and hold Assurant accountable for the alleged misconduct of ASIC."). That is because, if the named defendant were found to be responsible and relief were to issue, it would directly affect the conduct of that defendant. Here, however, the relief sought could not at all affect the actions of the defending litigant.

10

that decision is moot. Thus, no effectual relief related to the interlocutory appeal could issue.

That resolves both of Torres-Jurado's appeals. Because no portion of his case remains before us, we will vacate our temporary stay of removal.

## III.    CONCLUSION

For the foregoing reasons, we will dismiss Torres-Jurado's appeals as moot and vacate the temporary stay of removal.